UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH LYNN CAGNEY,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 13-cv-1766 BAS (JMA)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br>**(2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND**<br>**(3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECFs 19, 15, 14]** |

On July 29, 2013, Plaintiff Deborah Lynn Cagney appealed Defendant Carolyn W. Colvin's denial of Plaintiff's disability insurance benefits. ECF 1. The parties filed cross-motions for summary judgment. ECFs 14, 15. Magistrate Judge Jan M. Adler reviewed the motions and recommended in a Report and Recommendation ("Report") that this Court deny Plaintiff's motion and grant Defendant's. ECF 19. Plaintiff objected to the Report. ECF 20.

For the following reasons, the Court **ADOPTS** the Report in its entirety (ECF 19), **OVERRULES** Plaintiff's objections (ECF 20), **GRANTS** Defendant's

motion for summary judgment (ECF 15), and **DENIES** Plaintiff's motion for summary judgment (ECF 14).

## I.     LEGAL STANDARD

A district court's duties concerning a magistrate judge's report and recommendation and a party's objections thereto are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1).  When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (holding that 28 U.S.C. § 636(b)(1)(c) "makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise") (emphasis in original).

In contrast, the duties of a district court in connection with a magistrate judge's report and recommendation are quite different when an objection has been filed.  These duties are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and in 28 U.S.C. § 636(b)(1).  Specifically, the district court "must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## II.    ANALYSIS

In her motion for summary judgment, Plaintiff argues that the Administrative Law Judge ("ALJ") who denied her benefits improperly rejected her treating physician's opinions. While typically a treating physician's opinions are given greater deference than non-treating physicians, Judge Adler determined that the ALJ validly rejected the treating physician's opinions on two of the three stated grounds. Plaintiff objects, arguing that Judge Adler misstated and

misapplied the law in this area.

Judge Adler determined that the ALJ properly rejected the treating physician's (Dr. Devor) opinions because there were discrepancies between his opinion and his clinical notes. Plaintiff now objects, arguing that the treatment record is not necessarily inconsistent because mild Guillain Barre Syndrome may still be disabling.

An ALJ may reject a treating or examining physician's opinion if the ALJ can state clear and convincing reasons to do so. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). The ALJ's reasons must be supported by substantial evidence. *Id*. Substantial evidence is a highly deferential standard requiring "more than a mere scintilla, but less than a preponderance." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

"Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (citing *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971)).

Here, substantial evidence relied on by the ALJ contradicts Dr. Devor's opinion that Plaintiff is disabled. Dr. Devor repeatedly refers to Plaintiff's condition as either "mild" or "very mild." While Plaintiff contends that even mild Guillain-Barre Syndrome may be disabling, a mild diagnosis still contradicts Dr. Devor's opinion that Plaintiff was incapable of performing any work.

Similarly, the laboratory tests showing inflammatory polyneuritis do not in and of themselves prove disability because they are contradicted by Dr. Devor's notes showing mild symptoms after the testing. AR 426.

Lastly, the Plaintiff continues to claim that evidence of Plaintiff's Guillain-Barre Syndrome necessarily demonstrates she is disabled. However, there is no evidence that the ALJ either disagreed with the diagnosis or any of the test results. Instead, the ALJ's opinion is based on his determination that Plaintiff's symptoms were not disabling. Accordingly, because the ALJ's decision is based on

substantial evidence, the ALJ properly rejected Dr. Devor's opinion based on substantial evidence, and the ALJ did not ignore the objective tests or Plaintiff's Guillain-Barre Syndrome diagnosis, the Court **OVERRULES** Plaintiff's objections to the Report. ECF 20.

### III.   CONCLUSION & ORDER

After considering Plaintiff's objections and conducting a *de novo* review, the Court concludes that Judge Adler's reasoning in the Report is sound.  In light of the foregoing, the Court **ADOPTS** the Report in its entirety (ECF 19), **OVERRULES** Plaintiff's objections (ECF 20), **GRANTS** Defendant's motion for summary judgment (ECF 14), and **DENIES** Plaintiff's motion for summary judgment (ECF 15). The Court **AFFIRMS** The ALJ's denial of disability insurance benefits.

**IT IS SO ORDERED.**

Dated:  March 24, 2015

_____
Hon. Cynthia Bashant
United States District Judge